the acquiring corporation's basis in the bonds was to be determined; those bases were to be determined independently according to other relevant Code/Reg. provisions and/or case-law. As the Tax Court wrote in *ITT-1*,

> Having decided that the conversions were separate and distinct from the plan of reorganization and keeping in mind that *ITT was only obligated in respect to the conversion feature, and not the debt obligation of the debentures*, it seems to us clear that *the bases to ITT for the Aetna and Avis debentures were the fair market values of the ITT shares given in exchange therefor....*

77 T.C. at 80 n. 23 (emphasis added). As the above quotation shows, *ITT-1* determined that ITT had a basis in the converted debentures (*i.e.*, that the converted debentures survived in ITT's hands), and that that basis was equal to the fair market value of the ITT stock exchanged for those debentures. Neither of these determinations depends for its current validity on the continued existence or application of § 1.1502–41A(b), although both were necessary before that regulation could be applied. Moreover, research has disclosed no other change in the relevant legal principles regarding ITT's basis in the debentures or the post-conversion survival of the debentures since the Tax Court rendered its decision. Consequently, even though § 1.1502–41A(b) has lapsed, collaterally estopping the government from relitigating the Tax Court's determinations of the debentures' post-conversion survival and ITT's basis in the debentures will not place ITT in a different position from other similarly situated taxpayers—the result forbidden by *Sunnen, supra.*

Finally, under *Montana*, we must determine if there are any special circumstances warranting an exception to the normal rules of preclusion. We find that there are none. First, this case does not present a substantially unrelated claim to which we are being asked to apply a prior determination of "unmixed questions of law." *See United States v. Moser*, 266 U.S. 236, 242, 45 S.Ct. 66, 67, 69 L.Ed. 262 (1924). Although the distinction drawn in *Moser* between unmixed questions of law and "a fact, question, or right distinctly adjudged in [an] original action," *id.* (emphasis omitted), is unclear, *see Montana*, 440 U.S. at 163, 99 S.Ct. at 978, the case at hand falls far outside the *Moser* exception. This case does not present a "different demand," *Moser*, 266 U.S. at 242, 45 S.Ct. at 67, or a "substantially unrelated claim," *Montana*, 440 U.S. at 162, 99 S.Ct. at 978; rather, the same parties are litigating facts that are in all relevant respects the same as those addressed in *ITT-1*.

Second, the government has not alleged any procedural deficiency in *ITT-1*. *See Montana*, 440 U.S. at 163–64, 99 S.Ct. at 979. Therefore, this case presents no exceptional circumstances justifying a deviation from the normal rules of preclusion.

For the above reasons, we find that collateral estoppel applies to the case at hand and bars the government from relitigating the deductibility of ITT's claimed losses. The parties fully and fairly litigated in *ITT-1* both the debentures' post-conversion survival and ITT's basis in those converted debentures. Accordingly, the judgment of the district court is reversed and the case is remanded for entry of judgment consistent with this opinion.

### In re GRAND JURY SUBPOENA OF Janet WILLIAMS,

**United States of America, Appellant.**

Nos. 91–3353, 91–3354, 91–3355 and 91–3356.

United States Court of Appeals, Third Circuit.

April 6, 1992.

Present: SLOVITER, Chief Judge, BECKER, STAPLETON, MANSMANN, GREENBERG, HUTCHINSON, SCIRICA, COWEN, NYGAARD, ALITO, ROTH, and HIGGINBOTHAM *, Circuit Judges.

## ORDER

A majority of the active judges having voted for rehearing in banc in the above appeal, it is

ORDERED that the Clerk of this Court list the above case for rehearing in banc at the convenience of the court.

### In re Grand Jury Subpoena of Janet WILLIAMS.

**United States of America, Appellant.**

**Nos. 91–3353 to 91–3356.**

United States Court of Appeals, Third Circuit.

May 11, 1992.

Present: SLOVITER, Chief Judge, BECKER, STAPLETON, MANSMANN, GREENBERG, HUTCHINSON, SCIRICA, COWEN, NYGAARD, ALITO, ROTH, and HIGGINBOTHAM, Circuit Judges.

## ORDER

This matter having come before the court in banc pursuant to this court's Internal Operating Procedure 9.4.1, it is hereby

ORDERED that the order of the district court dated May 8, 1991, 766 F.Supp. 358, quashing the subpoenas duces tecum to Janet Williams and the Pittsburgh Press Company, Michael Bucsko and the Pittsburgh Post–Gazette, WPXI, Inc., and Westinghouse Broadcasting Company, Inc., t/d/b/a KDKA–TV to produce documents before the Grand Jury be, and the same is,

* As to panel rehearing only.

hereby affirmed by an equally divided court.

Each party shall bear its own costs.

### CARTERET SAVINGS BANK, FA

v.

**OFFICE OF THRIFT SUPERVISION, in its own capacity and as successor in interest to Federal Home Loan Bank Board; T. Timothy Ryan, Jr., individually and in his official capacity as Director, Office of Thrift Supervision; Federal Deposit Insurance Corporation, in its own capacity and as successor in interest to Federal Savings and Loan Insurance Corporation**

**Office of Thrift Supervision, and its Director, T. Timothy Ryan, Jr., Appellants.**

**Nos. 91–5597, 91–5290.**

United States Court of Appeals, Third Circuit.

Argued Dec. 13, 1991.

Decided May 7, 1992.

